# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Rukhsanah L. Singh |
| v. | : | Magistrate. No. 24-14064 (RLS) |
| JEFFREY KNIFFIN | : | **CRIMINAL COMPLAINT** |

I, John Spinapont, being duly sworn, state the following is true and correct to the best of my knowledge and belief:

### SEE ATTACHMENT A

I further state that I am a Task Force Officer with the Federal Bureau of Investigation, and that this complaint is based on the following facts:

### SEE ATTACHMENT B

continued on the attached pages and made a part hereof.

/s/John Spinapont
John Spinapont, Task Force Officer
Federal Bureau of Investigation

Attested to by telephone pursuant to
Fed. R. Crim. P. 4.1 on November 15, 2024,
in the District of New Jersey

Hon. Tonianne J. Bongiovanni
United States Magistrate Judge

RECEIVED
NOV 15 2024
AT 8:30 _____M
CLERK, U.S. DISTRICT COURT - DNJ

## ATTACHMENT A

### Count One
### (Armed Bank Robbery)

On or about October 23, 2024, in Monmouth County, in the District of New Jersey, and elsewhere, the defendant,

**JEFFREY KNIFFIN**,

did, by force, violence, and intimidation, knowingly take from the person and presence of others, namely, employees of Bank-1, located in or around Wall Township, New Jersey, approximately over $17,000 in money belonging to, and in the care, custody, control, management, and possession of Bank-1, the deposits of which were then insured by the Federal Deposit Insurance Corporation, and in committing such offense, did knowingly assault a person and put in jeopardy the life of a person by the use of a dangerous weapon and device, that is, a firearm.

In violation of Title 18, United States Code, Sections 2113(a) and (d).

**ATTACHMENT B**

      I, John Spinapont, am a Task Force Officer with the Federal Bureau of Investigation. I am fully familiar with the facts set forth herein based on my own investigation, my conversations with other law enforcement officers, and my review of reports, documents, and items of evidence. Because this Affidavit is being submitted for a limited purpose, I have not set forth every fact that I know concerning this investigation. Where the contents of documents and the actions and statements of others are reported herein, they are reported in substance and in part, except where otherwise indicated. Where I assert that an event took place on a particular date, I am asserting that it took place on or about the date alleged.

      1.    As captured by surveillance footage, on or about October 23, 2024, at approximately 3:13 p.m., a white male dressed in a hooded sweatshirt, gloves, and ballcap, later identified as the defendant, JEFFREY KNIFFIN ("KNIFFIN"), rode a bicycle to a grocery store located in Wall Township, New Jersey. KNIFFIN then walked from the grocery store toward a nearby bank ("Bank-1"), donned a facemask and sunglasses, which had been resting on the brim of his ballcap, and at approximately 3:21 p.m. entered Bank-1.

      2.    Upon entering Bank-1, KNIFFIN approached a bank teller ("Victim Employee-1"), demanded that Victim Employee-1 give him cash before grabbing and holding a firearm. While Employee-1 was providing the cash, KNIFFIN told Employee-1 on several occasions, "Don't do anything stupid." Victim Employee-1 provided KNIFFIN approximately more than $17,000 from the Bank-1 cash register that Victim Employee-1 had been operating. KNIFFIN then exited Bank-1 while instructing other bank employees who were present, "Don't do anything stupid."

      3.    Immediately after KNIFFIN left Bank-1, one of Bank-1's employees (Victim Employee-2) contacted 9-1-1 to report the armed bank robbery. Shortly thereafter, an off-duty officer ("Officer-1") with the Wall Township Police Department observed a male riding a bicycle approximately two blocks from Bank-1 whose description was consistent with that of the bank robber provided to law enforcement. Officer-1 followed the individual, whom Officer-1, at some point during the pursuit, recognized as KNIFFIN based on prior interactions Officer-1 had with KNIFFIN. Officer-1 followed KNIFFIN to KNIFFIN's residence, which was approximately half a mile from Bank-1.

      4.    As KNIFFIN disembarked his bicycle and walked toward his residence, Officer-1 observed KNIFFIN drop a large amount of cash on his driveway. Officer-1 then approached KNIFFIN and ordered him to the ground. KNIFFIN complied and, without provocation or solicitation from Officer-1, said: "I'm so sorry, I got myself in a lot of trouble, I don't know what else to do." While detaining KNIFFIN, Officer-1 asked KNIFFIN for the location of the

firearm, in response to which KNIFFIN directed Officer-1 to a Sig Saur P365 semi-automatic pistol ("the firearm") that was nearby on the ground. Upon inspection of the firearm, Officer-1 discovered that it was loaded with one round in the firearm's chamber and 10 rounds of ammunition in the firearm's magazine. Officer-1, with the assistance of other responding law enforcement officers, then placed KNIFFIN under arrest. At the time of and incident to the arrest, law enforcement recovered from KNIFFIN's person and his immediate surroundings approximately more than $17,000 in cash.

      5.     At all times relevant to this Complaint, the deposits of Bank-1 were insured by the Federal Deposit Insurance Corporation.